**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| JOSEPH CHRIST, individually and on behalf of a class of all persons similarly situated, | |
| Plaintiff, | Case No.   2:26-cv-01890-RMG |
| vs. | **JURY TRIAL DEMANDED** |
| SALTY DOGS ROOFING, LLC, | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

**Background**

1.     Joseph Christ ("Plaintiff") brings this class action against Salty Dogs Roofing, LLC ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.     Upon information and good faith belief, Defendant routinely violated 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5) by delivering, or causing to be delivered, more than one advertisement or marketing call or text message to residential or residential cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission as required by the TCPA.

3.     The Plaintiff also brings this putative class action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10, *et seq*., alleging that Defendant made telemarketing calls or text messages to numbers listed on the National Do Not Call Registry, which violates the SCTPPA in addition to the TCPA.

4.     Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

6.     Plaintiff Joseph Christ is an individual who resides in this District and Division.

7.     Defendant Salty Dogs Roofing, LLC is a limited liability company located Bolivia, Brunswick County, North Carolina.

### Jurisdiction & Venue

8.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9.     The Court has supplemental jurisdiction over the state law claims because they relate to the same unlawful conduct of Defendant.

10.     This Court has specific personal jurisdiction over Defendant because it delivered, or caused to be delivered, the calls at issue into this District.

11.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as calls and texts were placed to the Plaintiff residing in this District and Division.

### Factual Allegations

12.     Plaintiff is, and has been for quite some time, the regular and sole user of his residential cellular telephone number, (843) 964-XXXX.

13. Plaintiff uses, and has at all relevant times used, telephone number (843) 964-XXXX as his personal residential telephone number.

14. Plaintiff uses his cell phone for residential purposes, and primarily to communicate with friends and family, and to schedule personal appointments, and for other household purposes.

15. Plaintiff does not have a landline in his home.

16. Plaintiff does not have any other telephone numbers.

17. Plaintiff pays for his cell phone service. He is not reimbursed by a business.

18. Plaintiff has never associated his cell phone number with any business.

19. Plaintiff has never used his phone number in any business or marketing materials.

20. Plaintiff registered his telephone number (843) 964-XXXX on the National Do Not Call Registry since August 22, 2025.

21. Despite this, Defendant sent Plaintiff two text messages and made one call to Plaintiff in March 2026.

22. On March 4, 2026, Plaintiff received a text message from Defendant.

23. The text message was sent from telephone number (843) 493-7689.

24. Defendant is associated with telephone number (843) 493-7698.

25. The text messages identified Defendant as the sender.

26. Plaintiff replied to Defendant's text message that he wanted the communications to end, and received an automated text message that he would be unsubscribed.

27. On March 5, 2026, however, Plaintiff received another text message from Defendant at (843) 508-4885.

28.     Plaintiff again requested the messages from Defendant stop and received another automated text message that he would be unsubscribed.

29.     Screenshots of the text messages are provided below:





30. Despite telling Defendant to stop contacting him, on March 5, 2026, Plaintiff received a call from Defendant from telephone number (843) 212-7992.

31. Telephone number (843) 212-7992 belongs to Defendant.

32. Plaintiff rejected the call.

33. On March 4 and 5, 2026, Plaintiff received two unsolicited telemarketing text messages and one telemarketing call from Defendant.

34. The text messages advertised Defendant's roofing business, and offered Plaintiff an estimate.

35. This estimate was designed to lead to a sale of Defendant's services.

36. Plaintiff's cellular telephone number, (843) 964-XXXX, has been registered on the National Do Not Call Registry since at least August 22, 2025, and was listed on the Registry for more than thirty-one days at the time Defendant placed the calls and text messages.

37. Plaintiff had no prior business relationship with Defendant.

38. Plaintiff did not provide his prior express written consent to Defendant, or to any third party acting on Defendant's behalf, to contact him.

39. Plaintiff did not provide any prior consent to Defendant to contact him.

40. The purpose of the subject calls and text messages was to advertise and market Defendant's business or services.

41. Plaintiff did not give Defendant prior express consent or permission to call or deliver, or cause to be delivered, advertisement or marketing text messages to telephone number (843) 964-XXXX.

42. Plaintiff did not request information or promotional materials from Defendant.

6

43.     Plaintiff suffered actual harm as a result of the subject calls and text messages in that he suffered an invasion of privacy, an intrusion into his life, harassment, interruption of the use and enjoyment of his phone, and a private nuisance.

44.     Upon information and good faith belief, Defendant knew, or should have known, that telephone number (843) 964-XXXX was registered with the DNC Registry on or after August 22, 2025.

45.     However, the Defendant made the calls and sent the text messages without regard for the National Do Not Call Registry and did not check the National Do Not Call Registry before making the communications.

### Class Action Statement

46.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

47.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

48.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

**National Do Not Call Registry Class:** All persons throughout the United States (1) who did not provide their telephone number to Salty Dogs Roofing, LLC (2) to whom Salty Dogs Roofing, LLC delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Salty Dogs Roofing, LLC's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Salty Dogs Roofing, LLC delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

**SCTPPA Class**: All persons with a South Carolina area code to whom (1) at any time within the four years prior to the filing of the Complaint, (2) Salty Dogs Roofing, LLC (3) placed at least one call, (4) where it called a number on the

National Do Not Call Registry, (5) while promoting their services, (6) to an individual that did not provide their phone number to Salty Dogs Roofing, LLC.

49.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

50.     Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

51.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

52.     This Class Action Complaint seeks injunctive relief and money damages.

53.     The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

54.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

55.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

56.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

57.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

8

58.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a.     Whether Defendant made calls or delivered, or caused to be delivered, advertising and telemarking text messages;

b.     Whether Defendant called or delivered, or caused to be delivered, text messages or calls, for solicitation purposes, to telephone numbers already registered in the DNC Registry for more than thirty days;

c.     Whether Defendant's conduct constitutes a violation of the TCPA;

d.     Whether the Defendant's conduct violates the SCTPPA; and

e.     Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

59.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

60.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

61.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which are readily ascertainable from records maintained by Defendant and/or their agents.

9

62.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

63.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(c)(5))**
**(On Behalf of Plaintiff and National Do Not Call Registry Class)**

64.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65.     In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

66.     A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

67.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

68.     Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

69.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

70.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

71.     Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

72.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**Statutory Violation of the South Carolina Telephone Privacy Protection Act
((S.C. Code § 37-21-10) on behalf of the SCTPPA Class**

73.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

11

74.    Defendant violated the SC Telephone Privacy Protection Act by contacting class members' South Carolina numbers that were listed on National Do Not Call Registry.

75.    The Plaintiff, on behalf of the class, also seeks an injunction, which the SC Telephone Privacy Protection Act explicitly permits, preventing the Defendant from calling a South Carolina number on the National Do Not Call Registry, or from anyone doing so on their behalf.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Injunctive relief prohibiting Defendant from contacting cell phones of Plaintiff and members of the class whose numbers are listed on the National Do Not Call Registry;

B.    An award to Plaintiff and the classes of damages, attorneys' fees, and costs, as allowed by law for the TCPA and SCTPPA;

C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

**D.**    Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

[*Signature to Follow*]

12

Dated: May 8, 2026                    Respectfully submitted,

                                      /s/ Brittany N. Clark
                                      Brittany N. Clark, Fed ID: 12891
                                      SC Bar: 100573
                                      KAUFMAN P.A.
                                      237 S. Dixie Hwy, 4th Floor
                                      Coral Gables, FL 33133
                                      Telephone: 864-414-8120
                                      brittany@kaufmanpa.com